IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CONSTRUCTION SERVICES PACIFIC, LLC, | ) ) ) | CIV. NO. 24-00240 HG-WRP |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| MULE-HIDE PRODUCTS CO., INC.; JOHN DOES 1-20, | ) ) ) | |
| Defendants. | ) ) ) ) | |

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT MULE-HIDE PRODUCTS CO., INC.'S MOTION TO DISMISS COMPLAINT (ECF No. 18)**

Plaintiff Construction Services Pacific, LLC, was the general contractor for a condominium project on the island of Maui.  Plaintiff purchased roofing products from Defendant Mule-Hide Products Co., Inc., for the project including an acrylic paint coating in a custom color "Tahitian Bronze."  Plaintiff claims that Defendant was advised that the custom color was an essential part of the purchase agreement as Plaintiff informed Defendant that the specific color was necessary to match the color of other roofs in the project.

Plaintiff began painting roofs in the custom color following Defendant's product specifications between November 2020 and July 2021.

Plaintiff asserts that a few months after applying the coating an unsightly white chalking appeared on the roofs due to

defects in the Defendant's product.  Defendant tested the roofs and discovered its product was producing the white residue because of ultraviolet light exposure.  According to the Complaint, Defendant believes it will cost more than $518,000 to fix the painting issue but refuses to pay for the repairs.

On June 3, 2024, Plaintiff filed the Complaint against Defendant asserting three causes of action:

Count I: Negligent Misrepresentation

Count II: Breach of Contract

Count III: Breach of Warranty.

Defendant has filed a Motion to Dismiss all counts.

<u>First</u>, Defendant argues that Plaintiff's Negligent Misrepresentation claim in Count I is barred pursuant to the economic loss doctrine.

<u>Second</u>, Defendant argues that Count II is untimely. Defendant asserts that the Court should find a two-year statute of limitations applies to Count II for Breach of Contract rather than the six-year statute of limitations for breach of contract claims as set forth in Haw. Rev. Stat. 657-1(1).

<u>Third</u>, Defendant argues that Plaintiff's Breach of Warranty claims should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Defendant's Motion to Dismiss (ECF No. 18) is **GRANTED, IN PART, and DENIED, IN PART.**

The Motion is **GRANTED** as to Count I for Negligent

Misrepresentation.  The economic loss doctrine bars Plaintiff's claim for Negligent Misrepresentation.

Count I for Negligent Misrepresentation is **DISMISSED WITH PREJUDICE.**

The Motion is **DENIED** as to Count II for Breach of Contract.

The Motion is **DENIED** as to Count III for Plaintiff's Breach of Express Warranty and Breach Of Implied Warranty claims.

## PROCEDURAL HISTORY

On June 3, 2024, Plaintiff filed the Complaint.  (ECF No. 1).

On March 5, 2025, Defendant filed a Motion to Dismiss Complaint.  (ECF No. 18).

On March 10, 2025, the Court issued a briefing schedule. (ECF No. 20).

On March 25, 2025, Plaintiff filed its Opposition.  (ECF No. 22).

On April 16, 2025, Defendant filed its Reply.  (ECF No. 23).

On May 7, 2025, the Court held a hearing on Defendant's Motion to Dismiss.  (ECF No. 24).

## BACKGROUND

**According to the Complaint:**

Plaintiff Construction Services Pacific, LLC ("Plaintiff Construction Services") was the general contractor for the

condominium project Makali'i at Wailea on the island of Maui.
(Complaint at ¶ 7, ECF No. 1).

Plaintiff Construction Services contracted with Defendant
Mule-Hide Products Co., Inc. ("Defendant Mule-Hide") to purchase
materials for the project's roofing system. (Id. at ¶¶ 9, 10).

The Makali'i project involved installing roofing systems on
a number of flat roof buildings. (Id. at ¶¶ 10-15). Plaintiff
Construction Services claims it needed to paint the flat roofs in
a custom color in order to match the color of the sloped
weathered copper roofs of the project. (Id.) Plaintiff selected
the color "Tahitian Bronze." (Id. at ¶ 10).

On May 4, 2020, one of Defendant Mule-Hide's representatives
visited the construction project site. (Id. at ¶ 11).
Defendant's representative advised against using silicone coating
and suggested the acrylic coating instead. (Id. at ¶ 17).

On May 11, 2020, Defendant provided Plaintiff with
specifications and a data sheet for its A-300 and A-320 acrylic
products. (Id. at ¶ 18).

On September 10, 2020, Defendant Mule-Hide recommended that
Plaintiff use an A-300 acrylic coating in order to achieve the
custom color that Plaintiff desired. (Id. at ¶ 19).

On October 21, 2020, Defendant Mule-Hide delivered the
custom color A-300 acrylic coating to Plaintiff's project site.
(Id. at ¶ 23). Between November 2020 and July 2021, ten flat
roofs were painted with the custom color in accordance with

Defendant Mule-Hide's specifications.  (<u>Id.</u> at ¶ 24).

The Complaint alleges that despite the Defendant's express warranty that the product was free from defects, "a few months after applying [Defendant] Mule-Hide's A-300 acrylic coating, an unsightly white chalking manifested all over the Tahitian Bronze roofs, which progressively worsened."  (<u>Id.</u> at ¶¶ 25, 27). Plaintiff Construction Services states that once the white chalking became apparent, it stopped using the custom coating and did not paint the remaining roofs.  (<u>Id.</u> at ¶ 26).

Plaintiff Construction Services informed Defendant Mule-Hide about the defect in its product in May 2021.  (<u>Id.</u> at ¶ 29). Defendant Mule-Hide conducted a site inspection in September 2021 and conducted lab tests on the coating and the roof materials. (<u>Id.</u> at ¶ 30).

Defendant Mule-Hide's lab tests revealed that the white chalking on the roofs was a mineral called nepheline syenite and that it was caused by ultraviolet degradation of Defendant Mule-Hide's coating.  (<u>Id.</u> at ¶ 31).

Defendant Mule-Hide sent Plaintiff Construction Services an evaluation letter on October 29, 2021, with recommendations on how to solve the issue.  (<u>Id.</u> at ¶¶ 32-33).  The proposed solution involved covering the existing coating with a lighter shade of silicone rather than acrylic coating.  (<u>Id.</u>)  Plaintiff Construction Services claims that Defendant Mule-Hide's representative had previously advised against silicone and

recommended acrylic instead.  (<u>Id.</u> at ¶ 35).  Plaintiff also asserts that Defendant Mule-Hide had advertised its acrylic products as superior for their "exceptional exterior durability and UV stability."  (<u>Id.</u> at ¶ 36).

Plaintiff Construction Services claims that the total costs associated with repairing the alleged defect exceed $516,000, and that Defendant refuses to pay for the repairs despite the defects in its product.  (<u>Id.</u> at ¶ 44).

## STANDARD OF REVIEW

The Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted."  When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  <u>Pareto v. F.D.I.C.</u>, 139 F.3d 696, 699 (9th Cir. 1998).  Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  <u>Id.</u>

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.  Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (citation and internal quotation marks omitted).

## ANALYSIS

Plaintiff Construction Services Pacific, LLC ("Plaintiff Construction Services") claims that Defendant Mule-Hide Products, Co., Inc. ("Defendant Mule-Hide") sold it a defective acrylic coating in a custom color that Plaintiff used in a condominium construction project.

Plaintiff alleges that within months of painting the roofs from July 2020 to November 2021, the custom color coating reacted with ultraviolet light producing an unsightly white chalky residue.

Defendant seeks to dismiss Plaintiff's Complaint alleging claims of Negligent Misrepresentation, Breach of Contract, and Breach of Express and Implied Warranties.

**COUNT I:  Negligent Misrepresentation**

As an initial matter, the Court has subject-matter jurisdiction pursuant to diversity.  (Complaint at ¶ 3, ECF No. 1).  Plaintiff's Complaint asserts causes of action pursuant to Hawaii state law.  Hawaii state law applies to questions of substantive law and federal law applies to questions of procedure.  Erie R.R. Co. v. Tompkins, 304 U.S. 64, 79-80 (1938); Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc., 583 F.2d 426, 434 (9th Cir. 1978).

The Complaint asserts a common law tort claim against Defendant Mule-Hide for negligent misrepresentation pursuant to Hawaii state law.  Plaintiff Construction Services alleges that Defendant Mule-Hide made negligent misrepresentations about its acrylic coating product that Plaintiff alleges was defective.

Defendant Mule-Hide argues that Plaintiff's negligent misrepresentation tort claim is barred pursuant to the economic loss doctrine.

**A.    The Economic Loss Doctrine**

The economic loss doctrine precludes a plaintiff from recovering pure economic damages stemming from an injury to the product itself.  Ass'n of Apartment Owners of Newtown Meadows v. Venture 15, Inc., 167 P.3d 225, 278 (Haw. 2007).  The crux of the economic loss rule is that economic damages to the product itself

are protected by contract principles rather than tort principles. Id. at 284 (citing Calloway v. City of Reno, 993 P.2d 1259 (2000)).

Damage to a product itself means simply that the product has not met the customer's expectations, or in other words, that the customer has received insufficient value from the product.  State of Hawaii v. U.S. Steel Corp., 919 P.2d 294, 302 (Haw. 1996). Damage to a product itself is most naturally understood as a warranty claim.  East River S.S. Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 872 (1986).

### 1.    The Hawaii Supreme Court's Decision In Newtown Meadows

In Newtown Meadows, the Hawaii Supreme Court reviewed the economic loss rule in the context of a condominium construction project.  167 P.3d at 278.  The suit was brought by an association of apartment owners that sought to recover damages from a masonry subcontractor.  The apartment association claimed that in October 1986 the masonry subcontractor had installed defective concrete slabs at its residential condominium complex. Id. at 232-33.  The apartment owners alleged that beginning less than two years later in January 1988, their buildings and foundations had shifted, settled, and cracked as a result of the allegedly defective concrete slabs.  Id.  The apartment owners brought a number of claims against the masonry subcontractor including negligence and products liability.  Id. at 239.

The masonry subcontractor argued that the negligence and products liability claims were barred pursuant to the economic loss rule.  Id. at 278.  The apartment owners asserted that the economic loss rule did not apply because they incurred a variety of damages including cracked floor tiles, damaged walls, skewed door jams and windows, and damage caused by termites that entered through the cracks caused by the allegedly defective slabs.  Id. at 287.

The Hawaii Supreme Court ruled that the economic loss rule precluded recovery in tort from the masonry subcontractor for damages caused by the allegedly defective concrete slabs that did not meet the design specifications.  Id. at 287-88.  The Hawaii Supreme Court found that the damages claimed by the apartment owners were purely economic consequential damages as a result of the allegedly defective product.  Id. at 291.  The Court held that the masonry subcontractor could not be liable in tort for claims that were based on the parties' underlying contract.  Id.

**2.    The Hawaii Supreme Court's Decision In City Express**

Similarly, in City Express, Inc. v. Express Partners, 959 P.2d 836, 837 (Haw. 1998), the Hawaii Supreme Court considered a negligence action against architects hired to design a warehouse. Plaintiff claimed that the architects failed to properly design the second floor for use by fork lifts and that the warehouse became unsafe due to the design flaws.  Id.

The Hawaii Supreme Court ruled that the economic loss rule barred the plaintiff's negligence cause of action based on alleged negligent misrepresentations by the design professionals to the warehouse owner. Id. The Hawaii Supreme Court held that because the architects were acting under a contract with the owner, the recovery was properly limited to contract remedies and that tort remedies were not available. Id. at 840.

## B. Plaintiff's Negligent Misrepresentation Claim Is Barred Pursuant To The Economic Loss Rule

This case involves an acrylic roof coating that Plaintiff purchased from Defendant in a custom color. Plaintiff argues that the coating was defective and that it produced "an unsightly white chalking." (Complaint at ¶ 25, ECF No. 1). There are no allegations of personal injury caused by the coating. The allegations are limited to economic damages resulting from the product not meeting the customer's expectations. Plaintiff alleges the product needs to be replaced. The Complaint sets forth the basis for Plaintiff's dissatisfaction with the product. (Complaint at ¶¶ 28, 42, ECF No. 1).

The economic loss rule prevents Plaintiff from bringing a negligent misrepresentation tort claim where only purely economic losses stem from defects in the product. Newtown Meadows, 167 P.3d at 278. Tort and contract law are two separate and distinct theories of recovery in civil cases. Contract law is designed to enforce the expectations created by an agreement between parties

11

and seeks to enforce the standards of quality that were negotiated. East River S.S. Corp., 476 U.S. at 871-73. The standard of quality set forth in the contract establishes the agreement between the parties. Id.

In contrast, tort law is designed to secure the protection of all citizens from danger of physical harm to their person or to their property. State of Hawaii ex rel. Bronster v. U.S. Steel Corp., 919 P.2d 294, 302 (Haw. 1996). Tort law seeks to enforce standards of conduct that are imposed by society. Id.

Here, Plaintiff's Complaint seeks economic damages because the product did not meet the customer's expectations. Plaintiff claims that the acrylic coating in the custom color began to "manifest unsightly white chalking" and that the product did not meet the Plaintiff's expectations. The nature of Plaintiff's claim sounds in contract, not tort. See U.S. Steel, 919 P.2d at 302 (citing East River S.S. Corp., 476 U.S. at 871-72)). There are no allegations of harm beyond Plaintiff's disappointment that the product did not perform up to its expectations. Newtown Meadows, 167 P.3d at 282.

The Hawaii Supreme Court has repeatedly ruled that the economic loss doctrine bars a plaintiff from tort remedies in the context of construction litigation such as here where the parties are in privity of contract. Id.; City Express, Inc., 959 P.2d at 839. The Hawaii Supreme Court has explained that application of the economic loss doctrine encourages parties to negotiate sales

contracts when purchasing products and allows the parties to estimate the risks and rewards of doing business, to adjust their respective obligations, and to satisfy their mutual expectations. Newtown Meadows, 167 P.3d at 279-82.

Other Federal Judges in the District of Hawaii applying the economic loss doctrine have similarly precluded a plaintiff from recovering in tort from a product manufacturer when the only damages alleged were damages from the failure of the product to perform as promised.  Burlington Ins. Co. v. United Coatings Mfg. Co., Inc., 06-cv-00679 JMS-KSC, 518 F.Supp.2d 1241, 1254 (D. Haw. 2007) (finding that the plaintiff could not recover in tort for damage caused to walls, windows, and parking lots by the defendant's allegedly defective wall coating); Launiupoko Water Co. v. J-M Mfg. Co. Inc., Civ. No. 14-00303 DKW-KSC, 2014 WL 6685965, *3 (D. Haw. Nov. 25, 2014) (finding economic damages resulting from the defendant's leaking pipes were consequential and foreseeable damages that could not be recovered in tort); Baker v. Castle & Cooke Homes Hawaii, Inc., 11-00616 SOM-RLP, 2012 WL 1454967, *9-*10 (D. Haw. Apr. 25, 2012).

Just as the damages alleged in City Express, Inc., Burlington Ins. Co., Launiupoko Water Co., and Baker, the damages alleged in Plaintiff's Complaint fall within the economic loss rule and Plaintiff's Hawaii state law tort claim for Negligent Misrepresentation is barred.

Defendant's Motion to Dismiss as to Count I is **GRANTED.**

There are no allegations that would alter the application of the economic loss doctrine in this case where the Parties are in privity of contract.  Further amendment of the claim would be futile.  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Count I for Negligent Misrepresentation is **DISMISSED WITH PREJUDICE** as it is barred pursuant to the economic loss doctrine.

**COUNT II:  Breach of Contract**

A claim may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) when the running of the statute of limitations is apparent on the face of the complaint.  U.S. ex rel. Air Control Tech. v. Pre Con Indus., Inc., 720 F.3d 1174, 1178 (9th Cir. 2013).  A district court may dismiss a claim only when the assertions of the complaint would not permit the plaintiff to prove that the statute was tolled.  Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1045 (9th Cir. 2011).

In diversity actions, federal courts apply the state statutes related to the commencement and tolling of statutes of limitations.  Sheppard v. Monsanto Co., 2016 WL 3629074, *4 (D. Haw. June 29, 2016).

**A.   The Nature Of The Claim As Alleged In The Complaint Dictates The Applicable Limitations Period**

The applicable statute of limitations period over a claim is determined by the nature of the claim or the right alleged in the

complaint, not the title of the cause of action.  <u>Au v. Au</u>, 626 P.2d 173, 177 (Haw. 1981); <u>Crawford v. Crawford</u>, 745 P.2d 285, 288 (Haw. 1987); <u>see</u> <u>Lowther v. U.S. Bank N.A.</u>, 971 F.Supp.2d 989, 1013 (D. Haw. Sept. 4, 2013).

Plaintiff asserts that Count II is a Hawaii state common law cause of action for breach of contract based on the purchase order for the acrylic coating.  (Complaint at ¶¶ 57-58, ECF No. 1).

Under Hawaii law, the statute of limitations for a breach of contract claim is six years.  Haw. Rev. Stat. § 657-1(1).

Defendant disagrees that the six-year statute of limitations in Section 657-1(1) applies.  Defendant argues that a two-year statute of limitations should apply to Count II.

<u>First</u>, Defendant argues that the nature of Plaintiff's claim is for damages based on construction to improve real property, not for breach of contract.  Defendant asserts that the two-year limitations period set forth in Haw. Rev. Stat. § 657-8 should apply.

<u>Second</u>, Defendant argues that even if Section 657-8 does not apply, Plaintiff's claim in Count II otherwise sounds in products liability.  Defendant argues that if not Section 657-8, then the two-year statute of limitations period for personal injury claims set forth in Haw. Rev. Stat. § 657-7 should apply.

Defendant argues that because Plaintiff knew about the alleged defect in the coating by November 2021, its June 2024

15

Complaint is untimely pursuant to either Haw Rev. Stat. §§ 657-7 or 657-8.

**B.    The Nature Of The Harm Alleged In Count II**

The nature of the claim in Count II is for damages resulting from the alleged defect in the acrylic coating product sold by Defendant Mule-Hide.  Plaintiff Construction Services alleges that it ordered a custom color acrylic coating from Defendant Mule-Hide.  (Complaint at ¶ 22, ECF No. 1).  Plaintiff states that between November 2020 and July 2021, ten flat roofs were painted with the custom color in accordance with Defendant Mule-Hide's specifications.  (Complaint at ¶ 24, ECF No. 1).

The Complaint alleges that "a few months after applying [Defendant] Mule-Hide's A-300 acrylic coating, an unsightly white chalking manifested all over the Tahitian Bronze roofs, which progressively worsened."  (Id. at ¶ 25).

Plaintiff Construction Services claims that Defendant's product did not comply with Defendant's promised specifications.  Plaintiff seeks damages to repair the alleged unsightly white chalking.  Plaintiff cites to the purchase agreement as the basis for the breach of contract claim.  The Complaint asserts that the "total costs associated with removing the chalking, cleaning, installing a new layer of [thermoplastic polyolefin] membrane, repainting the ten roofs with silicone coating, and reimbursement for the failed A-300 Acrylic Coating exceed well over $516,000."

(<u>Id.</u> at ¶ 44).

>   **1.    Haw Rev. Stat. § 657-8 Governing Construction
>         Injuries Does Not Apply As The Statute Of
>         Limitations**

Section 657-8(a) of the Hawaii Revised Statutes provides:

> No action to recover damages for any injury to
> property, real or personal, or for bodily injury or
> wrongful death, arising out of any deficiency or
> neglect in the planning, design, construction,
> supervision and administering of construction, and
> observation of construction relating to an improvement
> to real property shall be commenced more than two years
> after the cause of action has accrued, but in any event
> not more than ten years after the date of completion of
> the improvement.

Haw. Rev. Stat. § 657-8.

Defendant argues Section 657-8 applies because Plaintiff alleges that Defendant provided advice about the use of its products in Plaintiff's condominium construction project.

Defendant's argument misunderstands the nature of claims brought pursuant to Section 657-8(a).  Section 657-8 provides a two-year statute of limitations for personal injuries arising from construction and its planning, design, and implementation. Section 657-8 does not apply to product manufacturers whose products are used in construction.  Haw. Rev. Stat. § 657-8(c).

There are no allegations that Defendant Mule-Hide had any role in the planning, design, construction, supervision, or observation of the construction project.  To the contrary, the allegations in the Complaint assert that a representative from Defendant Mule-Hide visited the site and consulted with Plaintiff

for the appropriate product to use.  (Complaint at ¶¶ 11-13, ECF No. 1).

The Complaint alleges that Defendant's products were delivered on October 21, 2020.  There are no allegations of any involvement by Defendant or its representatives in the actual construction of the project, the design of the architecture of the roofs, or any supervision of the application of the coating.

Defendant Mule-Hide has not pointed to a single case of the limitations period in Section 657-8 being applied to a manufacturer of a product.  The Court declines to extend the plain meaning of the language in Section 657-8 to product manufacturers who are not involved in the construction itself.

Section 657-8 is inapplicable in this case.

## 2.    Haw Rev. Stat. § 657-7 Governing Personal Injury Torts Does Not Apply As The Statute Of Limitations

Defendant Mule-Hide argues in its Reply that even if Section 657-8 does not apply, the Court should apply the two-year statute of limitations in Section 657-7 for personal injuries.

Defendant argues that the nature of Plaintiff's claim in Count II is as a product liability claim.  Defendant relies on cases where courts in Hawaii have ruled that products liability claims are generally governed by the two-year statute of limitations found in Haw. Rev. Stat. § 657-7 for personal injuries.  Newtown Meadows, 167 P.3d at 291; see In re Hawaii Federal Asbestos Cases, 854 F.Supp. 702, 707 (D. Haw. 1994).

18

Such cases, however, are premised on allegations that the products caused the plaintiff's personal injuries. <u>Agles v. Merck & Co., Inc.</u>, 875 F.Supp. 701, 705 (D. Haw. 1995) (finding Section 657-7 provides the statute of limitations for products liability premised on torts and personal injuries).

As explained above, Plaintiff's case is premised on contractual damages. Count II for breach of contract is not seeking tort remedies. Count II seeks remedies sounding in contract. (Complaint at ¶¶ 57-59, ECF No. 1).

Defendant has failed to demonstrate that a two-year statute of limitations applies to Count II. Dismissal of Count II pursuant to the statute of limitations is not warranted. <u>Supermail Cargo, Inc. v. United States</u>, 68 F.3d 1204, 1207 (9th Cir. 1995).

Defendant's Motion to Dismiss as to Count II is **DENIED**.

## COUNT III: Breach of Warranty Pursuant to Haw. Rev. Stat. § 490:2-313

### A.    Breach Of Express Warranty

Pursuant to Haw. Rev. Stat. § 490:2-313, a breach of express warranty claim requires a plaintiff to establish:

(1)   the seller made an affirmation of fact or promise regarding the product;

(2)   that statement became part of the basis of the bargain; and

(3)   the product failed to perform according to the statement.

<u>Neilsen v. Am. Honda Motor Co., Inc.</u>, 989 P.2d 264, 274-75 (Haw. App. Ct. 1999).

Plaintiff Construction Services alleges that Defendant Mule-Hide sold Plaintiff the acrylic coating in the custom color with warranties that it was suitable for the Makali'i construction project. (Complaint at ¶ 62, ECF No. 1). Plaintiff alleges that the product had an express warranty that the coating would be free from defects for one year. (<u>Id.</u> at ¶ 27).

Plaintiff Construction Services claims that despite the Defendant's express warranty that the product would be free from defects for a period of one-year, the coating was defective within months of application. (<u>Id.</u> at ¶¶ 25, 27).

Defendant Mule-Hide seeks to make factual challenges to Plaintiff's Complaint that are inappropriate for a Motion to Dismiss. Defendant attempts to refute the express warranty cited by Plaintiff in the Complaint.

Defendant misconstrues Plaintiff's claim in Count III as limited to defects in the color or hue of the paint. Plaintiff Construction Services alleges in the Complaint that despite the one-year express warranty, the coating was defective within months, creating a white chalky residue, and that it needs to be remedied as recommended by Defendant. (<u>Id.</u> at ¶¶ 25-27, 33). Plaintiff has sufficiently stated a plausible claim for breach of express warranty pursuant to Haw. Rev. Stat. § 490:2-313.

Defendant's Motion to Dismiss Count III for Breach of

Express Warranty pursuant to Haw. Rev. Stat. § 490:2-313 is

**DENIED.**

### B.    Breach of Implied Warranty

Pursuant to Haw. Rev. Stat. § 490:2-315, a breach of implied

warranty claim requires a plaintiff to establish:

(1)   the plaintiff desired a product for a particular
      purpose;

(2)   the defendants had reason to know about this purpose;
      and

(3)   the product sold to the plaintiff failed to meet that
      purpose.

Neilsen, 989 P.2d at 274-75.

Plaintiff claims that it purchased Defendant's product in a

custom color for use on flat roofs to match the color on the

metal slanted roofs.  (Complaint at ¶¶ 10-15, ECF No. 1).  The

Complaint alleges that Defendant "Mule-Hide was fully aware of

this objective and the importance of aesthetics to the project

developer and to the prospective buyers and ultimate owners of

units in the Makaliʻi Project."  (Id. at ¶ 16).

Plaintiff asserts that Defendant's product failed to meet

the purpose and requires replacement.  (Id. at ¶¶ 25-33, 44).

Defendant, again, attempts to lodge factual challenges to

Plaintiff's claim which are inappropriate on a Motion to Dismiss.

The Hawaii Supreme Court has explained it is largely a question

for the jury as to whether the implied warranty arises in any

individual case because it is a question of fact to be determined

21

by the circumstances of the contracting parties. <u>Ontai v. Straub</u>
<u>Clinic and Hosp. Inc.</u>, 659 P.2d 734, 744 (Haw. 1983).

Construing the allegations in the Complaint as true as
required on a 12(b)(6) Motion to Dismiss, Plaintiff has
sufficiently stated a plausible claim for breach of implied
warranty pursuant to Haw. Rev. Stat. § 490:2-315.

Defendant's Motion to Dismiss Count III for Breach of
Implied Warranty pursuant to Haw. Rev. Stat. § 490:2-315 is
**DENIED.**

## <u>CONCLUSION</u>

Defendant's Motion to Dismiss (ECF No. 18) is **GRANTED, IN**
**PART, and DENIED, IN PART.**

Defendant's Motion is **GRANTED** as to Count I for Negligent
Misrepresentation.  The economic loss rule bars Plaintiff's claim
for Negligent Misrepresentation.

Count I for Negligent Misrepresentation is **DISMISSED WITH**
**PREJUDICE.**

//

//

//

//

//

//

//

Defendant's Motion is **DENIED** as to Count II for Breach of Contract.

Defendant's Motion is **DENIED** as to Count III for Plaintiff's Breach of Express Warranty and Breach Of Implied Warranty claims.

IT IS SO ORDERED.

DATED: May 9, 2025, Honolulu, Hawaii.



Helen Gillmor
United States District Judge